IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| STEPHON DANTE CUNNINGHAM #00442905, | ) ) ) | |
| Petitioner, | ) ) | NO. 3:21-cv-00297 |
| v. | ) ) | JUDGE RICHARDSON |
| HILTON HALL, JR., Warden, | ) ) ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Stephon Dante Cunningham, a state prisoner, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. Nos. 1, 1-1) and paid the filing fee (Doc. No. 2). The Petition is before the Court for a preliminary review. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). As explained below, the Petition appears to be untimely and not subject to an equitable exception to the statute of limitations. Accordingly, Petitioner will be directed to show cause why this action should not be dismissed.

**I.     Background**

In August 2008, a Davidson County jury convicted Petitioner of two counts of aggravated robbery, one count of aggravated burglary, two counts of facilitation of aggravated rape, two counts of especially aggravated kidnaping, and one count of coercion of a witness. (Doc. No. 1 at 1.) Petitioner received a sentence of 52 years' imprisonment. (*Id.*) On December 21, 2010, the Tennessee Court of Criminal Appeals (TCCA) affirmed. (*See* Doc. No. 1-2 (TCCA opinion).) Petitioner did not file an application for permission to appeal to the Tennessee Supreme Court.[1]

---

[1] Petitioner alleges that the Tennessee Supreme Court denied discretionary review on May 26, 2011. (Doc. No. 1 at 2; Doc. No. 1-1 at 6.) But the Court takes judicial notice that it was two of his co-defendants, and not Petitioner himself, who were denied permission to appeal by the Tennessee Supreme Court. *See*

The Petition does not list any state post-conviction proceedings. (*See id.* at 2–3.) Petitioner declares under penalty of perjury that he placed the pending federal habeas corpus petition in the prison mailing system on April 8, 2021 (Doc. No. 1-1 at 13), so the Court deems the Petition filed as of that date. *Miller v. Collins*, 305 F.3d 491, 497–98 (6th Cir. 2002) (footnote omitted) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).

## II. Analysis

The Court must "promptly examine" the Petition and dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Habeas Rule 4; *see also Crump v. Lafler*, 657 F.3d 393, 396 n.2 (6th Cir. 2011) (citing *McFarland v. Scott*, 512 U.S. 849, 856 (1994)) ("If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition.").

### A. Timeliness of the Petition

There is a one-year statute of limitations for filing a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1). This period begins to run "from the latest of" the following four dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

*Tennessee State Courts Appellate Case Search*, https://www2.tncourts.gov/PublicCaseHistory/CaseDetails.aspx?id=36451&Party=True, Order entered May 26, 2011 (last visited Apr. 19, 2021). The Court "can take judicial notice of developments in related proceedings in other courts of record." *Chase Bank USA, N.A. v. City of Cleveland*, 695 F.3d 548, 553 n.2 (6th Cir. 2012) (internal citations and quotation marks omitted) (citing *Walburn v. Lockheed Martin Corp.*, 431 F.3d 996, 972 n.5 (6th Cir. 2005)).

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1)(A)–(D).

Here, Petitioner's claims are not based on the dates in subsection B, C, or D. Thus, the Court begins, as it does in most cases considering the timeliness of a habeas corpus petition, by determining the deadline provided by subsection A. Because Petitioner filed a direct appeal of his conviction, the Court must determine "the date on which the judgment became final by the conclusion of direct review." *Id.* § 2244(d)(1)(A).

The TCCA affirmed Petitioner's judgment on December 21, 2010. Petitioner then had 60 days to file an application for permission to appeal to the Tennessee Supreme Court. Tenn. R. App. P. 11(b). He did not do so. Petitioner's judgment therefore became final when the period to file that application expired, on February 22, 2011.[2] The one-year period to file a federal habeas corpus petition started running the next day, on February 23, 2011. *See Taylor v. Palmer*, 623 F. App'x 783, 785 n.2 (6th Cir. 2015) (citing *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000)).

Thus, the deadline for Petitioner to file a federal habeas corpus petition was February 23, 2012. He did not do so until April 8, 2021. Accordingly, the Petition is untimely by over 9 years.

### B. Actual Innocence

Apparently conceding the untimeliness of the Petition, Petitioner argues that the Court should consider the merits of his claims because he is actually innocent. (Doc. No. 1-1 at 9–10.) A credible assertion of actual innocence may serve as a gateway for a federal habeas court to review the merits of otherwise untimely claims. *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005)

---

[2] Sixty days after December 21, 2010 was Saturday, February 19, 2011. The following Monday was "Washington Day," as defined by Tenn. Code Ann. § 15-1-101. The deadline therefore extended to the following Tuesday, February 22. *See* Tenn. R. App. P. 21(a) (extending the deadline to "the end of the next day" that was not "a Saturday, a Sunday, or a legal holiday as defined by Tenn. Code Ann. § 15-1-101").

(citing *Schlup v. Delo*, 513 U.S. 298, 326–27 (1995)). But this gateway "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin v. Perkins*, 569 U.S. 383, 394–95 (2013) (quoting *Schlup*, 513 U.S. at 329). A petitioner must present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 324). The United States Supreme Court has stated that "the actual innocence exception should remain rare and only be applied in the extraordinary case." *Id.* (quoting *Schlup*, 513 U.S. at 324) (internal quotation marks omitted).

Here, Petitioner has not demonstrated that this is such an extraordinary case. In support of his actual innocence argument, Petitioner simply refers to his underlying claims (Doc. No. 1-1 at 10)—that the trial court erred in denying his motion for severance from his co-Defendants, that the evidence was insufficient to support his convictions for especially aggravated kidnaping and facilitation of aggravated rape, and that the trial court erred at sentencing. (*See* Doc. No. 1 at 4–5; Doc. No. 1-1 at 8–9.) But "'[a]ctual innocence' means factual innocence, not mere legal insufficiency." *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012) (quoting *Bousley v. United States*, 523 U.S. 614, 623–24 (1998)). And Petitioner does not present any new evidence of his factual innocence. Accordingly, Petitioner has not met the high bar for excusing untimely claims due to actual innocence.

### C.    Equitable Tolling

Although Petitioner does not specifically raise this argument, the Court also notes that the "one-year limitations period is not a jurisdictional bar and is subject to equitable tolling in certain instances." *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011) (citing *Holland v. Florida*, 560 U.S.

4

631, 645 (2010)). A petitioner seeking equitable tolling must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "Equitable tolling is granted sparingly and is evaluated on a case-by-case basis, with the petitioner retaining the 'ultimate burden of persuading the court that he or she is entitled to equitable tolling.'" *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 462 (6th Cir. 2012) (quoting *Ata*, 662 F.3d at 741).

Petitioner alleges that the Petition is untimely because he was unaware of the statute of limitations, has no legal training, and "had no legal advice or assistance previously." (Doc. No. 1-1 at 10.) But the Sixth Circuit Court of Appeals has "repeatedly held that ignorance of the law alone is not sufficient to warrant equitable tolling." *Taylor v. Palmer*, 623 F. App'x 783, 790 (6th Cir. 2015) (citations omitted). And Petitioner's lengthy delay in filing the Petition—over 9 years—is well beyond an amount of time that the Sixth Circuit has previously considered "excessive and inappropriate for the application for equitable tolling." *See Keeling*, 673 F.3d at 463–64 (citing *Robinson v. Easterling*, 424 F. App'x 439, 443 (6th Cir. 2011)) (finding 3-year delay to reflect a lack of diligence); *Robinson*, 424 F. App'x at 443 (citations omitted) ("[T]his Court has never granted equitable tolling to a petitioner who sat on his rights for a year and a half."). Accordingly, Petitioner has not carried his burden of establishing equitable tolling.

### III. Conclusion

For these reasons, it appears that the Petition is untimely. It also appears that Petitioner has not presented any evidence of actual innocence, and that he is not entitled to equitable tolling. Thus, Petitioner will be directed to show cause why the Petition should not be dismissed. *See Day v. McDonough*, 547 U.S. 198, 210 (2006) (citations omitted) (explaining that a district court may

5

consider the timeliness of a state prisoner's habeas petition on its own initiative after "accord[ing] the parties fair notice and an opportunity to present their positions").

An appropriate Order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE